DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Mark Worrell and Elizabeth Weinsheimer, appeal from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated their parental rights to their minor child, C.W., and placed him in the permanent custody of Summit County Children Services Board, ("CSB"). We reverse.
 {¶ 2} Worrell and Weinsheimer are the natural parents of C.W., born on September 24, 1999. The child was initially removed from his home on June 19, 2002, and was adjudicated dependent on July 19, 2002. On April 23, 2003, CSB moved for permanent custody of C.W., alleging that the child had been in the temporary custody of CSB for 12 months prior to the filing of the motion; that the mother had her parental rights terminated with respect to a sibling;[1] that C.W. cannot be placed with his parents within a reasonable time; as well as that permanent custody was in the best interest of the child.
 {¶ 3} Following hearing, the trial judge granted CSB's motion for permanent custody and terminated the parental rights of the parents. In its judgment entry, the trial court determined: (1) that the child had been in the temporary custody of CSB since June of 2002, that being 12 or more months out of a consecutive 22-month period, pursuant to R.C. 2151.414(B)(1)(d), and (2) that permanent custody was in the best interest of the child. Weinsheimer and Worrell have each appealed from that judgment. Upon motion by CSB, the cases were consolidated on appeal. Worrell has assigned three errors for review and Weinsheimer has assigned one error for review.
 Worrell's First Assignment of Error
"The trial court erred in granting csb permanent custody where csb failed to use reasonable efforts to reunite appellant-father and the minor child."
 Worrell's Second Assignment of Error
"The trial court's order terminating appellant-father's parental rights was against the manifest weight of the evidence, contrary to law, and/or an abuse of discretion."
 Worrell's Third Assignment of Error
"The trial court's decision denying appellant-father's motion for a six month extension of temporary custody and/or appellant-father's motion for legal custody was against the manifest weight of the evidence, contrary to law, and/or abuse of discretion."
 Weinsheimer's Assignment of Error
"The trial court's decision to terminate appellant's parental rights and grant permanent custody to summit county children's services was not supported by clear and convincing evidence and was against the manifest weight of the evidence."
 {¶ 4} Because we find that the judgment of the trial court is indisputably based upon an erroneous conclusion, i.e., that the child had been in the temporary custody of CSB for more than 12 months, pursuant to R.C. 2151.414(B)(1)(d), we reverse.
 {¶ 5} Before a juvenile court can terminate parental rights and award permanent custody to a proper moving agency, it must find clear and convincing evidence of both portions of the permanent custody test as set forth in R.C. 2151.414(B). Specifically, the juvenile court must find: (1) that one of the factors in R.C. 2151.414(B)(1)(a)-(d) applies, and (2) that permanent custody is in the best interest of the child, pursuant to the factors set forth in R.C. 2151.414(D). The first prong of the permanent custody test may be satisfied by any of four possible findings: (1) the child is abandoned; (2) the child is orphaned; (3) the child has been in the temporary custody of the agency for at least 12 of the prior 22 months; or (4) the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C.2151.414(B)(1)(a)-(d).
 {¶ 6} In the present case, as to the first prong, the trial court found that the child had been in the temporary custody of CSB for more than 12 months of the prior 22-month period, citing R.C. 2151.414(B)(1)(d). This is the finding which is of concern to us today.
 {¶ 7} Within the statement of facts of his appellate brief, Worrell points out that the child had, in fact, been in the temporary custody of CSB for less than 12 months when the motion for permanent custody was filed. Weinsheimer argued during the trial below that the motion for permanent custody was premature.[2] Neither parent has specifically assigned or argued this point as error on appeal. Both parents, however, have claimed on appeal that the judgment of the trial court is not supported by the weight of the evidence.
 {¶ 8} For its part, CSB initially moved for permanent custody based on a claim that the child had been in temporary custody for 12 months at the time the motion was filed. However, CSB has subsequently argued on appeal that the child had been in the temporary custody of CSB for more than 12 months at the time ofthe permanent custody hearing.[3]
 {¶ 9} In reviewing the judgment of a lower court, a court of appeals is guided by App.R. 12(A), which provides that the court of appeals need only pass upon errors assigned and briefed. The rule provides in pertinent part:
"The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." (Emphasis added.) App.R. 12(A)(2).
 {¶ 10} Thus, errors not specifically pointed out in the record and separately argued by brief may be disregarded. Id.;Chemical Bank of New York v. Neman (1990), 52 Ohio St.3d 204,207. The language of the rule, however, is discretionary.Hungler v. Cincinnati (1986), 25 Ohio St.3d 338, 341. Therefore, "nothing prevents a Court of Appeals from passing upon an error which was neither briefed nor pointed out by a party."[4] C. Miller Chevrolet v. Willoughby Hills
(1974), 38 Ohio St.2d 298, 301. See, also, State v. 1981 DodgeRam Van (1988), 36 Ohio St.3d 168, 170.
 {¶ 11} The Ohio Supreme Court explained in a subsequent case that, when reaching a question not assigned by the parties, there "must be sufficient basis in the record before it upon which the court can decide that error." (Emphasis sic.) Hungler v.Cincinnati (1986), 25 Ohio St.3d 338, 342. In State v. Peagler
(1996), 76 Ohio St.3d 496, 499, the court reiterated the point. "Although [App.R. 12(A)(2)] allows a court of appeals discretion in deciding to address an issue not briefed or raised below, the court of appeals must base any factual conclusions reached upon evidence that exists in the record." Peagler,76 Ohio St.3d at 499.
 {¶ 12} The issue before this court requires a determination of whether the "child has been in the temporary custody of [CSB] for twelve or more months of a consecutive twenty-two month period * * *." R.C. 2151.414(B)(1)(d). For these purposes, "a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home." Id. In the present case, the record establishes by journal entry when the child was removed from his home, and also indicates the filing date of the motion for permanent custody. The record before us, therefore, indisputably establishes the period of time the child was in the temporary custody of CSB for purposes of R.C. 2151.414(B)(1)(d).
 {¶ 13} The Peagler court also addressed the concept of fairness, and in that regard, indicated that the parties should have had "the opportunity to present evidence that would support or refute the legal theory addressed by the court of appeals."Peagler, 76 Ohio St.3d at 499. Similarly, the trial court should have "had an opportunity to address the issue." Id. at 501. In the present case, CSB raised the issue through its complaint and the trial court relied upon that ground in support of its judgment. The issue was placed squarely before the trial court by CSB and was critical to the final judgment of the trial court.
 {¶ 14} The Ohio Supreme Court has also indicated that where a legal issue is not argued, but is nevertheless implicit in another issue that has been presented by an appeal, it may reach that unargued issue. See Belvedere Condominium Unit Owners'Assn. v. R.E. Roark Cos. Inc. (1993), 67 Ohio St.3d 274, 279.
"When an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue. To put it another way, if we must resolve a legal issue that was not raised below in order to reach a legal issue that was raised, we will do so." Id.
 {¶ 15} The question of whether C.W. was in the temporary custody of CSB for 12 or more months within the meaning of R.C.2151.414(B)(1)(d), is implicit in any determination of whether the first prong of the permanent custody test has been met, and ultimately, whether the judgment granting permanent custody is supported in law.
 {¶ 16} Therefore, we proceed to consider whether C.W. was in the temporary custody of CSB for 12 or more months, pursuant to R.C. 2151.141(B)(1)(d).
 {¶ 17} This Court has recently considered the question of whether the first prong of the permanent custody test may be satisfied by R.C. 2151.414(B)(1)(d) when the agency files a motion for permanent custody before the child has been in temporary custody for 12 months. In re K.G., S.G., T.G., 9th Dist. Nos. 03CA0066, 03CA0067, and 03CA0068, 2004-Ohio-1421. We held that it may not, and stated, "It is fundamental that a motion for permanent custody must allege grounds that currently exist." Id.
 {¶ 18} In our review of the record, we find that the undisputed facts fail to support a finding that the child was in the temporary custody of CSB for more than 12 months prior to the filing of the motion for permanent custody, and, in fact, establish that such conclusion is erroneous. The record indicates that C.W. was removed from his home on June 19, 2002. The child was adjudicated dependent on July 19, 2002. Accordingly, for purposes of R.C. 2151.414(B)(1)(d), C.W. entered the temporary custody of CSB on July 19, 2002. Id. CSB's motion for permanent custody was filed only nine months later, on April 23, 2003.
 {¶ 19} Because the child had not been in the temporary custody of CSB for 12 months at the time the motion for permanent custody was filed in the present case, any reliance on such fact in support of the first prong of the permanent custody test is erroneous. The trial court erred in relying on this ground in granting permanent custody to CSB.
 {¶ 20} While CSB also alleged alternate grounds in its motion for permanent custody upon which the trial court might have relied in regard to the first prong of the permanent custody test, the trial court declined to enter any determinations on those grounds. Instead, its finding in regard to the first prong of the test is based solely upon an erroneous conclusion. This error, clearly demonstrated to us by the face of the record, strikes at the fundamental fairness of the trial below. Failure to address it in this appeal would have a substantial adverse impact on the fairness and integrity of the proceedings.
 {¶ 21} The fundamental right of parents to the care, custody, and control of their children is well established. Troxel v.Granville (2000), 530 U.S. 57, 66, 147 L.Ed.2d 49. Actions calling for the permanent termination of parental rights must afford to parents "every procedural and substantive protection the law allows." In re Hoffman, 97 Ohio St.3d 92,2002-Ohio-5368, at ¶ 14. Because permanent custody may not be granted to CSB absent clear and convincing evidence upon both prongs of the permanent custody test, R.C. 2151.414(B), and because there is a sufficient basis in the record from which we can determine that the judgment of the trial court is based on an erroneous fact, the judgment of the trial court must reversed.Peagler, 76 Ohio St.3d at 499; Hungler, 25 Ohio St.3d at 342; App.R. 12(B).
 {¶ 22} We find that the juvenile court erred in terminating the parental rights of Worrell and Weinsheimer, and placing their child, C.W., in the permanent custody of CSB. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause is remanded with instructions to render judgment accordingly.
Judgment reversed and cause remanded.
Slaby, J., concurs.
Whitmore, P.J., concurs.
[1] A related motion for reasonable efforts bypass was brought, but later withdrawn by CSB. The question of whether Weinsheimer had another child involuntarily removed from her custody was never determined by the trial court and the trial court did not make a finding on this issue in its judgment entry.
[2] Counsel for Weinsheimer argued, without elaboration, in both opening and closing arguments before the trial court, that the motion for permanent custody was premature.
[3] We consider this change in language by CSB (present reliance on the hearing date as opposed to earlier reliance on the motion filing date) to be a concession by the agency that its motion for permanent custody was, indeed, filed before the child had been in its temporary custody for 12 months, pursuant to R.C.2151.414(B)(1)(d).
[4] When an appellate court contemplates a decision upon an issue not briefed, the preferred practice is to give the parties notice and an opportunity to brief the issue. However, that practice is inappropriate in the case at bar. This matter seeks the permanent custody of a child and is an expedited appeal, pursuant to App.R.11.2. Counsel for CSB waived oral argument. Moreover, briefing cannot alter the clear state of the record before us.