**In re J.C. et al.**

[Cite as *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 25006.

Decided Feb. 24, 2010.

244

Madeline Lepidi–Carino, for appellant, Mother.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven R. DiMartino, Assistant Prosecuting Attorney, for appellee, Summit County Children Services Board.

BELFANCE, Presiding Judge.

{¶ 1} Amber C. ("Mother") appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her two minor children and placed them in the permanent custody of Summit County Children Services Board ("CSB"). For the reasons that follow, we reverse and remand for a new hearing.

## FACTS

{¶ 2} Mother is the natural mother of J.C., born February 18, 2006, and J.C., born February 8, 2007. The father of the children voluntarily relinquished his parental rights and is not a party to this appeal.

{¶ 3} On November 21, 2008, CSB filed complaints alleging that J.C. and J.C. were dependent children because Mother had allowed them to have contact with their father, in violation of a court order that they have no unsupervised contact with him. Prior domestic violence between Mother and the father was apparently the reason for the no-contact order. The children were removed from the home under an emergency order of temporary custody to CSB. On January 20, 2009, the trial court adjudicated the children dependent and later placed them in the temporary custody of CSB.

{¶ 4} On March 2, 2009, CSB moved for permanent custody of both children. The agency alleged, among other things, that the children had been in the temporary custody of CSB for more than 12 months of a consecutive 22-month period and that permanent custody was in their best interests. The "12 of 22" period was premised, in large part, on time the children had spent in agency custody during a prior case, as they had spent less than two months in the temporary custody of the agency during this case. Following a hearing on the motion, the trial court found that the children had been in the temporary custody of CSB for more than 12 months of a consecutive 22-month period and that permanent custody was in their best interests. Consequently, the trial court terminated Mother's parental rights and placed the children in the permanent custody of CSB. Mother appeals and raises one assignment of error.

## EVIDENCE SUPPORTING THE JUDGMENT

{¶ 5} Before a juvenile court can terminate parental rights and award to a proper moving agency permanent custody of a child, it must find clear and convincing evidence of both prongs of the permanent-custody test: (1) that the child is abandoned, orphaned, has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period, or that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D). See R.C. 2151.414(B)(1) and 2151.414(B)(2); see also *In re William S.* (1996), 75 Ohio St.3d 95, 99, 661 N.E.2d 738.

{¶ 6} The trial court found that the permanent-custody test was satisfied because the children had been in the temporary custody of CSB for more than 12

months of a consecutive 22–month period and that permanent custody was in the children's best interests.

{¶ 7} Mother contends that the trial court's permanent-custody decision was against the manifest weight of the evidence. This court will focus its review on an issue that Mother has not explicitly argued, but which is implicit in her challenge to the evidence supporting the judgment. Although this court is not obligated to address issues not explicitly raised by the parties, it maintains the discretion to do so. *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 301, 67 O.O.2d 358, 313 N.E.2d 400. The Ohio Supreme Court has further held that when an issue of law that was not argued is implicit in an issue that is properly argued on appeal, a reviewing court may consider and resolve that implicit issue. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 279, 617 N.E.2d 1075.

{¶ 8} In *In re C.W.*, 9th Dist. Nos. 21809 and 21811, 2004-Ohio-1987, 2004 WL 840124, affirmed, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176, this court reversed a permanent-custody decision based on an error that was not specifically argued by the appealing parents, but was implicit in the issue that they had assigned as error. C.W.'s parents likewise challenged the weight of the evidence supporting the permanent-custody decision. This court's review of the record in *In re C.W.* revealed that the evidence failed to establish the "12 of 22" prong of the test because the child had not been in the temporary custody of CSB for the requisite 12 months at the time the agency filed its motion.

{¶ 9} This court reviewed the *In re C.W.* appeal shortly after it decided *In re K.G.*, 9th Dist. Nos. 03CA0066, 03CA0067, and 03CA0068, 2004-Ohio-1421, 2004 WL 573887, at ¶ 21, in which this court held for the first time that the so-called "12 of 22" ground for permanent custody requires that the child be in the agency's temporary custody for at least 12 months at the time the agency files its motion. Although the standard set forth in *In re K.G.* conflicted with the law of some other appellate districts, it had become the established law of the Ninth Appellate District.[1] It was obvious on the face of the record that C.W. had not been in the temporary custody of the agency for the requisite period at the time the agency filed its motion. Consequently, this court sua sponte raised the error, which had been implicit in the issue raised by the parents, and reversed the judgment on that basis.

{¶ 10} A review of the record in this case likewise reveals a prejudicial legal error in the trial court's "12 of 22" finding that, although not specifically raised by the appellant, is implicitly raised by her challenge to the evidence supporting the

---

1. This standard later became the law of the state when the Ohio Supreme Court affirmed *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176.

judgment. Moreover, like the implicit error in *In re C.W.*, the error in this case contravenes the established law of this district and is obvious on the face of the record.

{¶ 11} During the current dependency case, J.C. and J.C. had been in the temporary custody of CSB for only one month and 10 days at the time CSB filed its motion for permanent custody. Because the children had also been placed in the temporary custody of CSB during a prior case, CSB attempted to prove the remainder of the "12 of 22" time period by presenting select journal entries from the prior case.

{¶ 12} The journal entries submitted by CSB from the prior case established that both children were in CSB temporary custody from April 30, 2007, until either March 7, 2008, or May 6, 2008. As the trial court explicitly noted in its judgment entry, the journal entries presented by CSB included conflicting dates as to when the children were returned to Mother's custody in the prior case. This two-month disparity was critical to the trial court's "12 of 22" calculation in this case. If March 7 was the correct date, the children had been in CSB temporary custody for only a total of 11 months and 17 days at the time CSB filed its motion for permanent custody, not the requisite 12–month period.

{¶ 13} To resolve the conflict in the evidence, the trial court went beyond the evidence in the record and sua sponte took judicial notice of "its own docket, entries and files" and determined that the children had actually been returned to Mother's custody on May 6, 2008. Consequently, it found that the children had been in the temporary custody of CSB for a total of 13 months and eight days of a consecutive 22–month period when the agency filed its motion. Therefore, it found that CSB had established the requisite "12 of 22" prong of the permanent-custody test. The trial court's "12 of 22" finding is not supported by the evidence in the record, however, because the trial court relied upon information that was not a part of the record and hence could not be relied upon as evidence in support of the "12 of 22" prong. We thus conclude that the court committed reversible error by considering matters outside the record when it undertook its examination of whether there was clear and convincing evidence that the children had been in the custody of CSB for the requisite 12–month period.

{¶ 14} The record on appeal does not include any of the clarifying information that the trial court apparently was able to glean from the prior case file and other materials it relied upon in making its "12 of 22" determination. This court has stated, " 'Trial courts will not take judicial notice of their own proceedings in other cases, even though between the same parties and even though the same judge presided.' " See, e.g., *Patel v. Gadd*, 9th Dist No. 21604, 2004-Ohio-436, 2004 WL 199831, at ¶ 7, quoting *State v. Hill* (June 9, 1993), 9th Dist. No. 92CA005358, 1993 WL 191972, citing *Diversified Mtge. Investors, Inc. v.*

*Bd. of Revision* (1982), 7 Ohio App.3d 157, 159, 7 OBR 201, 454 N.E.2d 1330. A trial court "may only take judicial notice of prior proceedings in the immediate case." *In re LoDico,* 5th Dist. No. 2003–CA–00446, 2005-Ohio-172, 2005 WL 100953, at ¶ 94. See also *In re Erin N.* (Apr. 12, 1996), 6th Dist. Nos. E–95–029 and 95–JN–000001, 1996 WL 168626 (the juvenile court committed reversible error by sua sponte taking "judicial notice" of a prior dependency case involving the same parent and child).

{¶ 15} The rationale for this rule is that an appellate court cannot review the propriety of the trial court's reliance on such prior proceedings when that record is not before the appellate court. *NorthPoint Properties, Inc. v. Petticord,* 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869. This court's review is necessarily limited to the record on appeal. "[A] reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 406, 8 O.O.3d 405, 377 N.E.2d 500. Matters outside the record cannot be used to demonstrate error, nor can they be considered in defense of the judgment.

{¶ 16} Moreover, this court has repeatedly emphasized the obligation of the children services agency to establish both prongs of the permanent-custody test by clear and convincing evidence. We have been exacting on this point in part out of the recognition of the gravity associated with the permanent termination of parental rights. See *In re Hoffman,* 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, at ¶ 14, quoting *In re Smith* (1991), 77 Ohio App.3d 1, 16, 601 N.E.2d 45. We further recognize that the trial court diligently attempted to clarify the ambiguity that resulted by virtue of the evidence presented by CSB. However, the law is clear on this point. The court was bound to consider only that evidence that was presented in the case before it. The evidence in the record as offered by CSB failed to establish the "12 of 22" prong by clear and convincing evidence. Because CSB did not offer evidence as to when the children returned to their mother's custody in the prior case, it was apparent that they may not have been in agency custody for the requisite period. Because the evidence in the record before us does not support the trial court's permanent-custody decision, Mother's assignment of error is sustained.

## CONCLUSION

{¶ 17} Mother's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CARR and WHITMORE, JJ., concur.