[Cite as *Savoy v. Kramer*, 2013-Ohio-3607.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ALAN SAVOY

    Appellant

    v.

JEANETTE KRAMER

    Appellee

C.A. No.      26668

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2012 07 3862

DECISION AND JOURNAL ENTRY

Dated: August 21, 2013

HENSAL, Judge.

**{¶1}** Alan Savoy appeals a judgment of the Summit County common pleas court that dismissed his action against Jeanette Kramer. For the following reasons, we vacate the trial court's judgment and remand for further consideration of Ms. Kramer's motion to dismiss.

I.

**{¶2}** In 2010, Mr. Savoy filed a complaint against Ms. Kramer alleging that she was liable for the injuries he suffered in a traffic collision on October 11, 2008. On June 17, 2011, Mr. Savoy filed a "Motion to Dismiss," in which he asked "the Court, under Civil Rule 41(A)(1)(a) to grant a voluntary dismissal, without prejudice, in the above case." On June 30, 2011, the trial court entered an order noting that Mr. Savoy had asked it "to voluntarily dismiss this case, without prejudice, pursuant to Civil Rule 41(A)(1)(a)." The order provided that, "[w]hile it is unnecessary for * * * [Mr. Savoy] to seek this Court's permission, the Court recognizes that this case has been DISMISSED, without prejudice."

**{¶3}** On July 2, 2012, Mr. Savoy re-filed his action pursuant to the saving statute, Revised Code Section 2305.19(A). Ms. Kramer moved to dismiss it, however, arguing that he had not re-filed his complaint in time. She asserted that, because Mr. Savoy did not need the trial court's approval to dismiss his first action, the dismissal of that action occurred on the date that Mr. Savoy filed his motion to dismiss. She argued that the trial court's subsequent order did not dismiss the action, but was merely "an internal ministerial act of housekeeping."

**{¶4}** On September 11, 2012, Mr. Savoy filed a memorandum in opposition to the motion to dismiss. Six days later, the court granted Ms. Kramer's motion. In its entry, the court wrote that "[t]o date, no briefs or other motions have been filed in response to [Ms. Kramer's motion to dismiss]." Upon review of the motion, the court agreed that Mr. Savoy's motion to dismiss in the first action operated as a dismissal of that action. It concluded that his re-filed complaint, therefore, was not timely under the savings statute, and dismissed the action. Mr. Savoy has appealed, assigning as error that the trial court incorrectly dismissed his case.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT INCORRECTLY DISMISSED THIS CASE AS UNTIMELY UNDER R.C. 2305.19 BASED ON ITS INCORRECT CONSTRUCTION OF THE APPELLANT'S MOTION TO DISMISS IN THE ORIGINALLY FILED ACTION.

**{¶5}** Mr. Savoy argues that the trial court incorrectly ruled on Ms. Kramer's motion to dismiss without considering his memorandum in opposition. In his memorandum, Mr. Savoy argued that the pro se "motion to dismiss" that he filed in his first action was not the same thing as a "notice of dismissal" under Civil Rule 41(A)(1)(a). He also argued that, even though he cited Civil Rule 41(A)(1)(a) in his motion to dismiss, the motion was, in substance, a motion to dismiss under Rule 41(A)(2). Because a dismissal under Rule 41(A)(2) requires a court order, he

argues that his first action was not dismissed until the trial court entered its order on June 30, 2011.

{¶6} We note that, in its journal entry, the trial court wrote that Mr. Savoy had not filed a response to Ms. Kramer's motion to dismiss even though he had filed a response six days earlier. The court also did not address either of the issues that Mr. Savoy raised in his memorandum. This Court will generally not determine issues in the first instance. *See Rubber City Arches Graham, L.L.C. v. Joe Sharma Props., L.L.C.*, 9th Dist. Summit No. 26557, 2013-Ohio-1773, ¶ 12; *FirstMerit Bank, N.A. v. Inks*, 9th Dist. Summit Nos. 25980, 26182, 2012-Ohio-5155, ¶ 20. We, therefore, conclude that this case must be remanded so that the trial court can consider them.

{¶7} Ms. Kramer argues that the trial court did not have to consider Mr. Savoy's memorandum in opposition because he did not file it in the time required under Summit County court of common pleas Local Rule 7.14(A). That issue, however, is also one that the trial court should determine in the first instance. Mr. Savoy's assignment of error is sustained.

III.

{¶8} The trial court failed to consider the issues raised by Mr. Savoy in his opposition memorandum before ruling on Ms. Kramer's motion to dismiss. The judgment of the Summit County common pleas court is vacated, and this matter is remanded so that the court can undertake further consideration of Ms. Kramer's motion to dismiss.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

PETER D. TRASKA, Attorney at Law, for Appellant.

CORTNEY R. OREN MORGAN, Attorney at Law, for Appellee.