[Cite as *Savoy v. Kramer*, 2015-Ohio-437.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

ALAN SAVOY                    C.A. No.        27418

    Appellant

    v.                        APPEAL FROM JUDGMENT
                             ENTERED IN THE
JEANETTE KRAMER              COURT OF COMMON PLEAS
                             COUNTY OF SUMMIT, OHIO
    Appellee                  CASE No.     CV 2012 07 3862

DECISION AND JOURNAL ENTRY

Dated: February 6, 2015

---

HENSAL, Judge.

{¶1}    Plaintiff-Appellant, Alan Savoy, appeals a judgment of the Summit County Court of Common Pleas that dismissed his refiled action against Defendant-Appellee, Jeanette Kramer. For the following reasons, this Court reverses.

I.

{¶2}    In 2010, Mr. Savoy filed a personal injury complaint against Ms. Kramer concerning injuries he allegedly sustained in a traffic collision that occurred on October 11, 2008. Mr. Savoy filed a "Motion to Dismiss" his complaint on June 17, 2011, in which he asked the trial court "under Civil Rule 41(A)(1)(a) to grant a voluntary dismissal [of his case], without prejudice[.]" The trial court entered an order on June 30, 2011, noting that Mr. Savoy had requested "to voluntarily dismiss this case, without prejudice, pursuant to Civil Rule 41(A)(1)(a)." The order further provided that, "[w]hile it is unnecessary for the Plaintiff to seek

this Court's permission, the Court recognizes that this case has been DISMISSED, without prejudice."

{¶3} Mr. Savoy refiled his action on July 2, 2012. Ms. Kramer moved to dismiss the action as untimely under the savings statute, Revised Code Section 2305.19(A). The trial court agreed and granted Ms. Kramer's motion to dismiss without considering Mr. Savoy's memorandum in opposition. Mr. Savoy appealed, and this Court remanded the case back to the trial court for it to consider Mr. Savoy's arguments in opposition in the first instance. *Savoy v. Kramer*, 9th Dist. Summit No. 26668, 2013-Ohio-3607, ¶ 8. After considering Ms. Kramer's motion to dismiss, Mr. Savoy's memorandum in opposition, and supplemental briefs submitted by both parties following this Court's remand, the trial court again granted Ms. Kramer's motion to dismiss. Mr. Savoy timely appeals to this Court, assigning as error that the trial court incorrectly dismissed his case.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT INCORRECTLY DISMISSED THIS CASE AS UNTIMELY UNDER R.C. 2305.19 BASED ON ITS INCORRECT CONSTRUCTION OF THE APPELLANT'S MOTION TO DISMISS IN THE ORIGINALLY FILED ACTION.

{¶4} Mr. Savoy argues that the trial court erred in granting Ms. Kramer's motion to dismiss because it misconstrued his "Motion to Dismiss" in the original case as being filed pursuant to Civil Rule 41(A)(1)(a) rather than Rule 41(A)(2). We agree that the trial court erred in dismissing Mr. Savoy's complaint.

{¶5} We note that, although Ms. Kramer did not cite to a specific civil rule in her motion to dismiss, she cites the standard for dismissal pursuant to Rule 12(B)(6) in her brief to this Court. The trial court's judgment granting the motion to dismiss also does not cite to a

specific civil rule. Rule 12(B) provides that the defenses therein "shall" be made by motion before filing a responsive pleading. The record reflects that Ms. Kramer filed both her motion to dismiss and an answer on the same day, and that her answer was time-stamped first. Accordingly, Ms. Kramer's motion and the judgment of the trial court may be construed as a judgment on the pleadings since a responsive pleading was filed first. *See* Civ.R. 12(C). This distinction does not alter the standard of review on appeal before this Court as "[t]he grant of a motion to dismiss under Civ.R. 12(B) and Civ.R. 12(C) motions for judgment on the pleadings are reviewed by this court de novo." *Hubiak v. Ohio Family Practice Ctr.*, 9th Dist. Summit. No. 26949, 2014-Ohio-3116, ¶ 7. "Regardless of whether the motion is one under Civ.R. 12(B)[6] or 12(C), the material allegations of the complaint, with all reasonable inferences to be drawn therefrom, are to be construed in favor of the [nonmoving] party * * *." *Id*. at ¶ 8, quoting *Free v. Govt. Emps. Ins.*, 12th Dist. Butler No. CA89-09-135, 1990 WL 55680, *1 (Apr. 30, 1990).

{¶6} "A complaint may be dismissed * * * for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13. "This Court has previously stated that in order '[t]o conclusively show that the statute of limitations bars the action, the complaint must demonstrate both the relevant statute of limitations and the absence of factors which would toll the statute, or make [ ] it inapplicable.'" *Warren v. Estate of Durham*, 9th Dist. Summit No. 25624, 2011-Ohio-6416, ¶ 6, quoting *Tarry v. Fechko Excavating, Inc.*, 9th Dist. Lorain No. 98CA007180, 1999 WL 1037755, *2 (Nov. 3, 1999).

**{¶7}**     In *Warren*, the defendant filed a motion to dismiss plaintiff's refiled personal injury action pursuant to Civil Rule 12(B)(6).  The defendant argued that the refiled claim was time-barred by the statute of limitations and that the savings statute did not apply.  We reversed the trial court's decision to grant the motion to dismiss because the court improperly relied on facts from the original case that were outside the complaint, and the pleadings in the refiled case did not conclusively show that the action was time-barred.  *Id*. at ¶ 7.

**{¶8}**     Similar to *Warren*, the record before us reflects that Mr. Savoy's complaint and Ms. Kramer's answer do not recite the procedural history of the original case in a way that is sufficient to conclusively show that the statute of limitations bars the action and that the savings statute does not apply.  The trial court's judgment recited facts concerning the procedural history and filings in Mr. Savoy's original case that are not present in the pleadings of the refiled case.

**{¶9}**     In making a ruling on a motion to dismiss, it is improper to look at matters outside of the pleadings without converting the motion into a motion for summary judgment.  *Wick v. Lorain Manor, Inc.*, 9th Dist. Lorain No. 12CA010324, 2014-Ohio-4329, ¶ 10.  In *Wick*, this Court reversed the trial court's decision to grant motions to dismiss a complaint pursuant to Civil Rule 12(B)(6) because the trial court considered information outside of the pleadings without converting the motions to dismiss into motions for summary judgment.  *Id*. at ¶ 10-12.

**{¶10}**  In the present case, the trial court considered filings from the prior case and its procedural history.  None of this information was included in the parties' pleadings.  In doing so, the trial court failed to convert Ms. Kramer's motion to dismiss into a motion for summary judgment.  "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in

[Civ.R. 56]."  Civ.R. 12(B); *see also Cotton v. Anderson*, 9th Dist. Lorain No. 06CA008984, 2007-Ohio-6548, ¶ 5.

{¶11} It appears from its judgment that the trial court took judicial notice of the procedural history of the first case between the parties.  This Court has held that a court may take judicial notice of proceedings in the immediate case but not in other cases "even though between the same parties and even though the same judge presided."  *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.), quoting *Patel v. Gadd*, 9th Dist. Summit No. 21604, 2004-Ohio-436, ¶ 7.  "The rationale for this rule is that an appellate court cannot review the propriety of the trial court's reliance on such prior proceedings when that record is not before the appellate court.  This court's review is necessarily limited to the record on appeal."  (Citation omitted.) *In re J.C.* at ¶ 15.  *Compare Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580 (1994) (noting that a trial court is not required to suffer from "institutional amnesia" and may take judicial notice of its own docket when considering previous dilatory conduct of a plaintiff when ruling on a Civ.R. 41(B)(1) dismissal for failure to prosecute); *Hutz v. Gray*, 11th Dist. Trumbull No. 2008-T-0100, 2009-Ohio-3410, ¶ 39 (when ruling on a motion to dismiss predicated on the double-dismissal rule of Civ.R. 41(A), the Eleventh District took judicial notice of pleadings in prior cases solely to determine what the parties filed, not to examine the truth of the contents of the filings).

{¶12} We are compelled by our precedent in *Warren* to find that, in this case, the trial court erred when it looked to matters outside the pleadings when it granted Ms. Kramer's motion to dismiss without converting the motion into a motion for summary judgment.  This Court takes no position on the merits of Ms. Kramer's arguments concerning the applicability of the statute of limitations and the savings statute as the facts concerning those arguments are not properly

before us. *See Warren*, 2011-Ohio-6416, at ¶ 7, fn. 1. For the above reasons, Mr. Savoy's sole assignment of error is sustained.

III.

{¶13} The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

PETER D. TRASKA, Attorney at Law, for Appellant.

STACIE LINDLEY BAKER, Attorney at Law, for Appellee.