[Cite as *Kuczirka v. Ellis*, 2018-Ohio-728.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PETER KUCZIRKA

      Appellant

      v.

CECILIA A. ELLIS, D.O., et al.

      Appellees

C.A. No.     28599

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2012-08-4483

DECISION AND JOURNAL ENTRY

Dated: February 28, 2018

SCHAFER, Judge.

Plaintiff-Appellant, Peter Kuczirka, Administrator of the Estate of Trina Kuczirka, appeals from the judgment of the Summit County Court of Common Pleas dismissing his claims against Defendants-Appellees, Cecilia A. Ellis, D.O. and Obstetrical and Gynecological Associates of Akron, Inc. We reverse, albeit on grounds other than those raised on appeal.

I.

{¶1} Peter Kuczirka, as administrator of the estate of Trina Kuczirka, ("Kuczirka") filed the refiled complaint in this action on August 3, 2012. After receiving service of the complaint by certified mail, Defendants-Appellees, Cecilia A. Ellis, D.O. and Obstetrical and Gynecological Associates of Akron, Inc. ("Dr. Ellis and OBGYN Associates"), each filed a separate answer on August 31, 2012.

{¶2} On August 2, 2013, Dr. Ellis and OBGYN Associates filed a "motion to dismiss" pursuant to Civ.R. 3(A) and Civ.R. 4.1. Dr. Ellis and OBGYN Associates argued that Kuczirka

improperly served them, not in the current action, but rather in the initial action filed August 31, 2009. They asserted that service of the original complaint by Federal Express was an improper method of service under the version of Civ.R. 4.1 then in effect, that Kuczirka never perfected service within one year of filing the original complaint, and the failure to commence the suit warranted dismissal of the action with prejudice. The trial court initially denied the motion on August 22, 2013.

{¶3} On September 11, 2013 Dr. Ellis and OBGYN Associates moved for reconsideration or, in the alternative, to stay the case. They urged that a case of similar circumstance was pending on appeal, and a stay was appropriate while awaiting a decision in that case. The trial court stayed the proceedings on September 25, 2013. Upon motion, the trial court reactivated the case on March 7, 2017, and permitted the parties to submit additional briefing in light of this Court's rulings in *Hubiak v. Ohio Family Practice Ctr.,* 9th Dist. Summit No. 26949, 2014-Ohio-3116 and *Suiter v. Karimian*, 9th Dist. Summit App. No. 27496, 2015-Ohio-3330.

{¶4} The trial court granted the motion and dismissed the matter with prejudice. Kuczirka filed this timely appeal.

II.

**Assignment of Error**

**The trial court erred in dismissing the Plaintiff-Appellant's case for failure to obtain proper service within one year of filing of the initial complaint.**

{¶5} In the sole assignment of error, Kuczirka argues that the trial court erred by granting the motion to dismiss. However, neither the motion itself nor the trial court's decision identify the procedural foundation for the motion to dismiss. "A reviewing court must examine the entire journal entry and the proceedings below where necessary to ascertain the precise basis

of a lower court's judgment." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569 (1996). Accordingly, we must conduct a preliminary review of the proceedings below to determine the standard of review and the appropriate legal framework to analyze the argument.

**{¶6}** In its March 14, 2017 judgment entry, the trial court characterized the motion to dismiss as having been brought pursuant to case law, and held:

> Upon review of the Motion and Brief in Opposition, the Court finds Defendants in this matter never waived the affirmative defense of insufficient service and Plaintiff failed to obtain proper service within one year of filing of the initial complaint. Accordingly, pursuant to *Hubiak v. Ohio Family Practice Center, Inc.*, 2014 Ohio 3116 and *Suiter v. Karimian*, 2015 Ohio 3330, this matter is DISMISSED.

The judgment entry does not offer any guidance as to the basis for considering the motion to dismiss and entering judgment.

**{¶7}** The motion is based on three cumulative arguments summarized as follows:

> (1) As to the original complaint, Kuczirka failed to properly serve Defendants with process in accordance with the former version of Civ.R. 4.1, thus the trial court lacked jurisdiction over them.
> (2) Kuczirka never reissued service of the improperly served original complaint; therefore, service was not perfected within the one-year time limit of Civ.R. 3(A) and the original action never commenced.
> (3) Kuczirka then voluntarily dismissed the original action—without ever having commenced the action, and beyond the expiration of the statute of limitations—thereby precluding the application of the savings statute, R.C. 2305.19, and rendering the refiled action time-barred.

Although Dr. Ellis and OBGYN Associates' motion cites to Civ.R. 3(A) and Civ.R. 4.1, these rules, in and of themselves, do not provide a procedural vehicle to present a motion to dismiss in this matter. Despite stating the apparent rationale for dismissal, the procedural basis for presenting such a dispositive motion is not evident.

{¶8} These arguments raised in the motion to dismiss sound in the nature of Civ.R. 12(B) defenses: specifically Civ.R. 12(B)(2) for lack of personal jurisdiction, and Civ.R. 12(B)(4) and (5) for insufficiency of process and service of process. Civ.R. 12(B) prescribes the manner for presenting affirmative defenses and states that "[e]very defense, in law or fact, to a claim for relief in any pleading *** shall be asserted in the responsive pleading thereto[.]" Civ.R. 12(B). The rule creates an exception for the Civ.R. 12(B)(1)-(7) defenses that "may at the option of the pleader be made by motion," but specifies that "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted." *Id.*

{¶9} Even if this motion to dismiss is properly characterized as a motion pursuant to Civ.R. 12(B)(2), (4), and (5), the pleadings preclude this Court from reviewing it as such. Dr. Ellis and OBGYN Associates filed their answers to the refiled complaint and raised affirmative defenses, but did not file a motion to dismiss prior to pleading. Indeed, their motion was not filed until nearly a year later. A motion to dismiss filed subsequent to the answer contravenes the "Civ.R. 12(B) requirement that: '[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted.'" *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 244 (1975). Where a party files an answer prior to filing a motion to dismiss, we must view the trial court's "ruling as having granted a motion for a judgment on the pleadings under Civ.R. 12(C)." *State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas*, 151 Ohio St.3d 35, 2017-Ohio-7528, fn. 2; *Pontious*, 75 Ohio St.3d at 569, quoting *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist.1992) ("'[A] motion to dismiss filed after the pleadings have closed * * * is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12 (C)'").

{¶10} We review a motion for judgment on the pleadings de novo. *Savoy v. Kramer*, 9th Dist. Summit No. 27418, 2015-Ohio-437, ¶ 5. "[D]ismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of [the] claim that would entitle [plaintiff] to relief." *Cashland Fin. Servs., Inc. v. Hoyt*, 9th Dist. Lorain No. 12CA010232, 2013–Ohio–3663, ¶ 7, quoting *Pontious,* at 570. A Civ.R. 12(C) motion presents only questions of law, the determination of which is restricted solely to the allegations in the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973).

{¶11} Where the pleadings in a refiled case "do not recite the procedural history of the original case in a way that is sufficient to conclusively show that the statute of limitations bars the action and that the savings statute does not apply," it is error for a trial court to look to matters outside of the pleadings. *Savoy* at ¶6-7. Dr. Ellis and OBGYN Associates' motion alleges facts not included in the parties' pleadings. Indeed, the motion recites the entire procedural history of the prior case which, aside from the acknowledgment that it is a refiled complaint, is not addressed in the pleadings. Therefore, the record and proceedings of Kuczirka's original case were not before the trial court for consideration. *See Savoy* at ¶ 11, quoting *In re J.C.,* 186 Ohio App.3d 243, 2010–Ohio–637, ¶ 14 (9th Dist.) ("[A] court may take judicial notice of proceedings in the immediate case but not in other cases 'even though between the same parties and even though the same judge presided.'").

{¶12} Dr. Ellis and OBGYN Associates' motion relied on factual allegations that were not properly before the trial court for consideration, but which were essential to reaching the court's conclusion. Upon review of the judgment entry, it is evident that the trial court

necessarily, and improperly, relied upon matters outside of the pleadings in reaching its decision. We conclude, therefore, that the trial court erred by granting the motion and dismissing the action. Kuczirka's assignment of error is sustained.

## III.

{¶13} Kuczirka's assignment of error is sustained. The judgment of the Summit county Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶14} While I concur with the majority's ultimate disposition of this appeal, I do so based solely upon this Court's analysis in *Hall v. Crystal Clinic, Inc.*, 9th Dist. Summit No. 28524, 2017-Ohio-8471.

CALLAHAN, J.
<u>DISSENTING.</u>

{¶15} I respectfully dissent from the majority's resolution of this matter and in accordance with this Court's prior decision in *Suiter v. Karimian*, 9th Dist. Summit No. 27496, 2015-Ohio-3330, I would consider the merits of this appeal. While I acknowledge that a motion to dismiss filed after the pleadings have closed is to be converted to a motion for judgment on the pleadings, I disagree that the rule is absolute or that it is applicable in this case.

<u>APPEARANCES:</u>

STACIE L. ROTH, Attorney at Law, for Appellant.

GREGORY T. ROSSI, Attorney at Law, for Appellees.