[Cite as *In re Adoption of P.R.K*, 2019-Ohio-5389.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

THE ADOPTION OF P.R.K.

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., J.

Case No. 19-COA-018

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 20185015 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | December 26, 2019 |

APPEARANCES:

For Petitioner-Appellant

KRISTIN E. BROWN
79 South Main Street
Mansfield, Ohio 44902

For Mother-Appellee R.S.

NO APPEARANCE

*Wise, John, J.*

{¶1} Appellant D.K. appeals the decision of the Ashland County Court of Common Pleas, Probate Division, which denied her petition to adopt her step-grandson, P.R.K., born in 2014. Appellee is the child's mother, R.S. The child's father is not a participant in the present appeal. The relevant procedural facts leading to this appeal are as follows.

<u>*Prior Juvenile Court Proceedings involving P.R.K.*</u>

{¶2} In 2014, in the Ashland County Juvenile Court, Appellant D.K. and her then-husband (the paternal grandfather of P.R.K.) filed an action for the allocation of parental rights as to P.R.K. Via a judgment entry issued on March 9, 2016, the juvenile court designated appellant and her then-husband as the legal custodians of P.R.K., with additional orders as to parenting time for the child's mother, R.S. This custody arrangement thereafter legally remained in effect, although appellant and P.R.K.'s grandfather apparently are now divorced. We are not privy to the full outcome of the divorce, but P.R.K. has at least been in appellant's physical custody since that time.

{¶3} However, on January 22, 2018, in the juvenile case, R.S. filed a motion for contempt against appellant, alleging interference with parenting time under the aforesaid custody orders. A hearing before the magistrate was conducted on March 8, 2018. At the conclusion of the hearing, the magistrate found no contempt of court had been demonstrated.[1]

---

[1] The record before us on appeal includes the transcript of the 2018 contempt hearing (but not the written decision) and a copy of the 2016 custody orders from juvenile court.

<u>*Probate Court Proceedings involving P.R.K.*</u>

**{¶4}** On August 10, 2018, appellant filed a petition for the adoption of a minor in the Ashland County Probate Court.[2] Appellant filed an amended petition on November 7, 2018. An evidentiary hearing was conducted before the probate judge on December 31, 2018. P.R.K.'s father appeared at that time and stated on the record that he consented to the adoption. P.R.K.'s mother, R.S., did not appear and had not filed any responsive pleadings regarding the adoption petition.

**{¶5}** After taking the matter under advisement, the probate court issued an eight-page judgment entry on April 22, 2019. The court, relying in part upon information gleaned from the aforementioned contempt proceedings in juvenile court, concluded among other things that the consent of R.S. would be required, as further discussed *infra*. The court therefore dismissed appellant's petition and amended petition for the adoption of P.R.K.

**{¶6}** Appellant filed a notice of appeal on May 22, 2019. She herein raises the following sole Assignment of Error:

**{¶7}** "I. THE TRIAL COURT ERRED IN FINDING THAT MOTHER'S CONSENT TO ADOPTION WAS NECESSARY."

I.

**{¶8}** In her sole Assignment of Error, appellant contends the trial court erred in finding that R.S.'s parental consent to adopt was required.

**{¶9}** R.C. 3107.07(A) states that consent to adoption is not required of "[a] parent of a minor, when it is alleged in the adoption petition and the court, after proper service

---

[2] Appellant at various points designated herself as P.R.K.'s grandmother in the probate court proceedings; however, the overall record indicates she is the child's step-grandmother.

of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

**{¶10}** A probate court's determination as to "justifiable cause" under R.C. 3107.07(A) will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. *In Re Adoption of Masa* (1986), 23 Ohio St.3d 163, 492 N.E.2d 140, paragraph two of the syllabus. The language of R.C. 3107.07(A) must be strictly construed to protect the interest of the non-consenting parent subject to forfeiture of his or her parental rights. *In Re Adoption of Sunderhaus* (1992) 63 Ohio St.3d 127, 132, 585 N.E.2d 418.

**{¶11}** In the case *sub judice*, the probate court determined that R.S. had failed both to provide more than *de minimis* contact with the child and to provide proper maintenance and support, during the one-year look-back period of R.C. 3107.07(A), *supra*. However, the court found that these failures were "with justifiable cause." *See* Judgment Entry, April 22, 2019, at 7.

**{¶12}** In that vein, we specifically note in part the following findings by the probate court:

Thereafter, in that Juvenile Court case [R.S.] filed a Motion for Contempt on January 22, 2018, alleging interference with parenting time by the legal custodians. Evidence presented at that hearing, of which the Court takes judicial notice as the undersigned is also the Juvenile Court Judge, indicated that there was a period of

time that [R.S.] did not see the child, [P.R.K.], nor attempt to see the child, [P.R.K.]. However, there was also evidence that around Christmas time 2017, there was unplanned contact between [R.S.] and the child, [P.R.K.], and the grandmother at Walmart. The grandmother would not allow the mother to have any contact with the child. Thereafter, there were some additional attempts to set up a visit through a Facebook message, but the grandmother refused on the basis that the mother had not seen [P.R.K.] for an extended period of time and the grandmother did not know where [R.S.] was residing. There was an additional time where the mother appeared at the grandmother's home and attempted to see the child but was refused by the grandmother. There also was some testimony that the mother came to the grandmother's home around Thanksgiving and attempted to see the child, but again was not permitted to do so.

{¶13} Judgment Entry, April 22, 2019, at 3.

{¶14} The gist of appellant's present argument is that the probate court abused its discretion by "mining" information based on the March 2018 contempt proceedings in juvenile court. *See* Appellant's Brief at 4. She urges that the court should have instead proceeded to a best interest determination upon the proper presentation of her case, citing *In Re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919.

{¶15} As indicated in the above passage, in Ashland County, the juvenile court and the probate court are both served by the same judge. *See* Ohio Constitution, Art. IV, Sec. 23; R.C. 2151.011(A)(1)(c). It is well-established that a court may take judicial notice of proceedings in the immediate case, but not in other cases, even though between the same parties and even though the same judge presided. *See, e.g., Savoy v. Kramer,* 9th

Dist. Summit No. 27418, 2015-Ohio-437, ¶ 11, citing *In re J.C.,* 186 Ohio App.3d 243, 2010–Ohio–637, ¶ 14 (9th Dist.) (internal quotations omitted). At one time, we took the position that a trial court could at least take judicial notice of a judgment rendered by another court within the state. *See, e.g.*, *Szerlip v. Szerlip*, 5th Dist. Knox No. 01CA09, 2002-Ohio-2541. More recently, however, we have concluded: "*** [A] court does *not* have the authority to take judicial notice of the proceedings in another case, *including its own judgment entries.*" *Morello v. Ferruccio*, 5th Dist. Stark No. 2014CA00139, 2015-Ohio-1370, ¶ 8 (emphases added, citations omitted).

**{¶16}** We additionally note R.S., who did not appear for the hearing on the adoption petition, has not filed a brief in response to this appeal. *See* App.R. 18(C). We conclude the proper remedy under these circumstances is to remand the matter to the probate court to issue a ruling under R.C. 3107.07(A) under the law as expressed in *Savoy* and *Morello*, *supra*.

**{¶17}** Appellant's sole Assignment of Error is sustained to that extent.

**{¶18}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Probate Division, Ashland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.

By: Wise, John, J.
Gwin, P. J., and
Wise, Earle, J., concur.

JWW/d 1209