[Cite as *Francis v. Lorain Cty. Prosecutor's Office*, 2017-Ohio-4209.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JEREMY FRANCIS

     Appellant

     v.

STATE OF OHIO, LORAIN COUNTY
PROSECUTOR'S OFFICE

     Appellee

C.A. No.     16CA011041

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     16CV190346

DECISION AND JOURNAL ENTRY

Dated: June 12, 2017

SCHAFER, Judge.

**{¶1}** Plaintiff-Appellant, Jeremy Francis, appeals the judgment of the Lorain County Court of Common Pleas granting Defendant-Appellee, the Lorain County Prosecutor's Office's, motion to dismiss. We affirm.

I.

**{¶2}** On August 25, 2016, Mr. Francis filed a complaint pro se against the Lorain County Prosecutor's Office ("Lorain County") in the Lorain County Court of Common Pleas. Mr. Francis' complaint prays "for the court and grand jury for charges to be filed against the Prosecutors office for Legal Malpractice according to: Giving a ruling against state law, Disregarding court procedure, With holding court information, Defamation of character." (sic.) Mr. Francis' complaint alleges that Lorain County committed malpractice, fraud, and defamation during the pendency of his criminal case in 2003. Mr. Francis' complaint also seeks $1,140,000.00 in damages.

{**¶3**}  In response to Mr. Francis' complaint, Lorain County filed a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction on the basis that Mr. Francis' various claims were time-barred pursuant to the statute of limitations contained in R.C. 2305.11.  Mr. Francis filed a reply brief in response to Lorain County's motion to dismiss, wherein he argues that even if the statute of limitations is applicable in this matter, Lorain County must still be held accountable for their purported actions.  On October 25, 2016, the trial court granted Lorain County's motion after concluding that it lacked jurisdiction to consider Mr. Francis' complaint because the causes of action pleaded therein were time-barred by the statutes of limitations set forth in R.C. 2305.11 and R.C. 2305.09, respectively.

{**¶4**}  Mr. Francis filed this timely appeal and presents one assignment of error for our review.

II.

**Assignment of Error**

**Ruling did not consider that the docket sheet and record were the primary argument and evidence of the complaint and were not disclosed upon.**

{**¶5**}  The substance of Mr. Francis' sole assignment of error is unclear, but he appears to argue that the trial court erred by granting Lorain County's motion to dismiss without addressing the merits of the allegations set forth in his complaint.  Moreover, Mr. Francis seemingly claims that the trial court erred by concluding that his claims are time-barred by the applicable statutes of limitation because "[t]ime limits are waived where there is * * * proof of innocence."

{**¶6**}  Initially, we note that Lorain County filed a motion to dismiss pursuant to Civ.R. 12(B)(1), arguing that the trial court lacked subject matter jurisdiction over Mr. Francis' claims.  However, in asserting that the trial court lacked jurisdiction over the subject matter, Lorain

County argued that Mr. Francis' malpractice and defamation claims were barred by the one-year statute of limitations set forth in R.C. 2305.11. Thus, the substance of Lorain County's motion is more akin to a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13 ("A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred"), citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11. Indeed, the trial court implicitly treated Lorain County's motion to dismiss as a Civ.R. 12(B)(6) motion when it dismissed the case after determining that Mr. Francis' claims were time-barred. Accordingly, we review the trial court's ruling with respect to Lorain County's Civ.R. 12(B)(1) motion to dismiss as if it were a Civ.R. 12(B)(6) motion.

{¶7} We review de novo a motion to dismiss for failure to state a claim upon which relief can be granted. *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.*, 101 Ohio App.3d 760, 762 (9th Dist.1995). Dismissal of a claim is appropriate where, after accepting as true all factual allegations of the claim and resolving all reasonable inferences in favor of the nonmoving party, "it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief." *LaSalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 19, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 75 Ohio St.3d 545, 548 (1992).

{¶8} In the context of a motion to dismiss predicated upon expiration of the applicable statute of limitations, this Court has determined:

> "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." [*McKinley*] at ¶ 13. This Court has previously stated that, in order "[t]o conclusively show that the statute of

limitations bars the action, the complaint must demonstrate both the relevant statute of limitations and the absence of factors which would toll the statute, or make [ ] it inapplicable." *Tarry v. Fechko Excavating, Inc.*, 9th Dist. [Lorain] No. 98CA007180, 1999 WL 1037755, *2 (Nov. 3, 1999); *see also Helman v. EPL Prolong, Inc.*[, 139 Ohio App.3d 231, 241 (7th Dist.2000)] (adopting the above language from *Tarry*). Moreover, "[b]ecause Ohio is a notice pleading state, it suffices that the complaint put[s] defendants on notice of the general claim. It [i]s not necessary to specify facts to defend from a statute of limitations defense." *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. [Muskingum] No. CT2004–0046, 2005–Ohio–3523, ¶ 29, fn. 11.

*Warren v. Estate of Durham*, 9th Dist. Summit No. 25624, 2011-Ohio-6416, ¶ 6.

{¶9} In the present case, Mr. Francis' complaint listed claims for (1) legal malpractice, (2) defamation, and (3) fraud. In support of these claims, Mr. Francis alleged that the trial judge and the prosecutors in his criminal case from 2001 intentionally mishandled the trial court transcripts in order to prevent him from appealing his convictions. Mr. Francis also alleged that the transcripts would have revealed "false statements that were submitted [by the prosecution] during the course of [the] proceedings * * *."

{¶10} The trial court determined that Mr. Francis' malpractice and defamation claims were subject to the one-year statute of limitations set forth in R.C. 2305.11. The trial court further determined that Mr. Francis' fraud claim was both insufficiently pled and subject to the four-year statute of limitations set forth in R.C. 2305.09. Based upon this, the trial court determined that all of Mr. Francis' claims were time-barred.

{¶11} Mr. Francis does not dispute the trial court's determination that his claims are all time-barred by the applicable statutes of limitations. Instead, his appellate brief rehashes similar arguments as those contained in his complaint and in response to Lorain County's motion to dismiss. Additionally, in an apparent reference to the trial court's conclusion that his claims are time-barred, Mr. Francis argues without any legal support that "[t]ime limits are waived where there is * * * proof of innocence."

**{¶12}** Taking as true the allegations of the complaint, as we must, Mr. Francis was required to file his malpractice and defamation claims within one year after those causes of action accrued. *See* R.C. 2305.11(A) ("An action for libel, slander, * * * or * * * an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim * * * shall be commenced within one year after the cause of action accrued[.]"). He was also required to file his fraud claim within four years after that cause of action accrued. *See* former R.C. 2305.09(C) (stating that an action "[f]or relief on the ground of fraud" "shall be brought within four years after the cause * * * accrued."). Mr. Francis' complaint indicates that his claims all stem from Lorain County's actions during the course of Lorain County Court of Common Pleas case number 01CR059493, which concluded with his sentencing on April 25, 2003. This would give Mr. Francis until April 2004, to bring his claims for malpractice and defamation and until April 2007, to bring his claim for fraud. However, Mr. Francis did not initiate this action until 2016. Accordingly, we conclude that the trial court did not err in dismissing Mr. Francis' claims in toto on the basis of expiration of the applicable statutes of limitation.

**{¶13}** Mr. Francis' assignment of error is overruled.

III.

**{¶14}** Mr. Francis' sole assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JEREMY FRANCIS, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and GERALD A. INNES, Assistant Prosecuting Attorney, for Appellee.