[Cite as *Omobien v. Flinn*, 2021-Ohio-2096.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

EDWARD O. OMOBIEN, et al.

     Appellants

     v.

SHARON FLINN

     Appellee

C.A. No.     29841

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2020-05-1462

DECISION AND JOURNAL ENTRY

Dated: June 23, 2021

---

HENSAL, Presiding Judge.

{¶1} Linda and Edward Omobien appeal from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On May 8, 2020, Linda and Edward Omobien (collectively, the Omobiens) filed a complaint against Sharon Flinn, asserting causes of action for negligence and loss of consortium. Their claims stemmed from a motor vehicle accident that occurred on March 11, 2016, wherein Ms. Flinn allegedly rear-ended Mr. Omobien's vehicle.

{¶3} On June 8, 2020, counsel for Ms. Flinn filed an appearance, as well as a motion to dismiss under Civil Rule 12(B)(6), asserting that the Omobiens' claims were barred by the two-year statute of limitations applicable to personal injury claims under Revised Code Section 2305.10(A). In her motion, counsel for Ms. Flinn noted that the Omobiens' complaint did not

allege that an exception to the statute of limitations applied, and requested that the trial court dismiss their claims with prejudice.

{¶4} Over one month later, on July 13, 2020, the trial court issued an order indicating that the Omobiens had 14 days from the date of its order to respond to the motion to dismiss. The Omobiens did not file a response. On August 19, 2020, the trial court granted Ms. Flinn's motion to dismiss the Omobiens' complaint with prejudice. This appealed followed. The Omobiens now raise three assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW, ABUSED ITS DISCRETION, AND VIOLATED THE PLAINTIFF[S'] DUE PROCESS RIGHTS WHEN IT DISMISSED THE PLAINTIFFS' CLAIM WITH PREJUDICE[.]

{¶5} In their first assignment of error, the Omobiens argue that the trial court erred by granting Ms. Flinn's motion to dismiss because they filed their complaint within the one-year savings statute under Section 2305.19(A). They assert that they had previously filed a complaint against Ms. Flinn, which was dismissed without prejudice on May 8, 2019. They assert that, because they re-filed their complaint within one year (i.e., on May 8, 2020), their complaint should not have been dismissed based upon the expiration of the statute of limitations. They further assert that the trial court's dismissal of the case deprived them of their due process rights and their opportunity to be heard.

{¶6} "We review de novo a motion to dismiss for failure to state a claim upon which relief can be granted." *Francis v. State, Lorain Cty. Prosecutor's Office*, 9th Dist. Lorain No. 16CA011041, 2017-Ohio-4209, ¶ 7. "Dismissal of a claim is appropriate where, after accepting as true all factual allegations of the claim and resolving all reasonable inferences in favor of the nonmoving party, 'it appears beyond doubt that the nonmoving party cannot prove any set of facts

entitling him to the requested relief.'" *Id.*, quoting *LaSalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 19.

{¶7} "A complaint may be dismissed * * * for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." (Alteration sic.) *Savoy v. Kramer*, 9th Dist. Summit No. 27418, 2015-Ohio-437, ¶ 6, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13. "This Court has previously stated that in order '[t]o conclusively show that the statute of limitations bars the action, the complaint must demonstrate both the relevant statute of limitations and the absence of factors which would toll the statute, or make [ ] it inapplicable.'" (Alterations sic.) *Id.*, quoting *Warren v. Estate of Durham*, 9th Dist. Summit No. 25624, 2011-Ohio-6416, ¶ 6.

{¶8} Here, the Omobiens assert that nothing in the Ohio Revised Code or the Ohio Rules of Civil Procedure mandates that litigants plead facts in their complaint regarding the application of the savings statute. They acknowledge the Ohio Supreme Court precedent in *Peterson v. Teodosio* that holds that such facts should be plead. 34 Ohio St.2d 161, 174-175 (acknowledging that, if a complaint on its face is barred by the statute of limitations, it is the duty of the pleader to assert that an exception to the statute of limitation applies). They argue, however, that this case aligns with *Boggs v. Landmark 4 LLC* wherein the court found that a dismissal of the case was not warranted because: (1) the defendant did not contest that the savings statute applied; (2) the defendant was aware of the facts that gave rise to its application; and (3) the defendant itself "raised and relied on the facts that support its application in their own motion to dismiss[.]" N.D.Ohio No. 1:12 CV 614, 2012 WL 3485288, *6 (Aug. 13, 2012).

{¶9} As previously noted, the Omobiens filed a personal injury complaint against Ms. Flinn on May 8, 2020, alleging that they suffered injuries and damages as a result of a March 11,

2016, motor vehicle accident. Their complaint did not indicate that it was a re-filed action, nor did it assert that an exception to the statute of limitations applied. Thus, the face of the complaint indicated that the Omobiens' action was barred by the two-year statute of limitations. *See* R.C. 2305.10(A) (providing the two-year statute of limitations for personal injury claims). Notwithstanding, on appeal, the Omobiens essentially argue that the trial court should have taken judicial notice of their previously filed action against Ms. Flinn, applied the savings statute sua sponte, and denied Ms. Flinn's motion to dismiss. We disagree.

{¶10} Despite their argument to the contrary, it was the Omobiens' duty to plead that an exception to the statute of limitations applied. *Peterson* at 174-175. Moreover, "[t]his Court has held that a court may take judicial notice of proceedings in the immediate case but not in other cases 'even though between the same parties and even though the same judge presided.'"[1] *Savoy*, 2015-Ohio-437, at ¶ 11, quoting *In re J.C.,* 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.). Thus, the trial court could not have taken judicial notice of the Omobiens' first case against Ms. Flinn, and then sua sponte applied the savings statute to conclude that the Omobiens timely filed their second case. Nor can this Court. *Id.*; *see State ex rel. Lillis v. Cty. of Summit*, 9th Dist. Summit No. 28307, 2017-Ohio-1539, ¶ 24, quoting *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12 ("Arguments that were not raised in the trial court cannot be raised for the first time on appeal."). *Boggs*, a federal court case, is distinguishable because the parties in *Boggs* did not dispute certain dates from the previously filed action, those dates were otherwise verifiable based upon the record and applicable law, and the defendant relied upon those dates in its motion to dismiss. *See Boggs* at *5. Simply put, this Court's precedent,

---

[1] Here, it appears that a different trial judge presided over the re-filed case.

along with the record on appeal, renders *Boggs* inapplicable. *See Savoy* at ¶ 11 (addressing judicial notice).

{¶11} In light of the foregoing, we conclude that the Omobiens have not established that the trial court erred by granting Ms. Flinn's motion to dismiss their complaint. *See Rankin v. Rosolowski*, 8th Dist. Cuyahoga No. 104079, 2016-Ohio-7490, ¶ 10, quoting *Kennedy v. Heckard*, 8th Dist. Cuyahoga No. 80234, 2002-Ohio-6805, ¶ 12 ("The majority of the courts, including this district, consistently h[ave] held that a motion to dismiss pursuant to Civ.R. 12(B)(6) is appropriate when the plaintiff failed to state in the complaint that the case had been previously dismissed without prejudice and the savings statute used."). The Omobiens' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW, ABUSED ITS DISCRETION, AND VIOLATED THE PLAINTIFFS' DUE PROCESS RIGHTS WHEN IT DISMISSED THE CASE PURSUANT TO A MOTION TO DISMISS FILED PRIOR TO A RESPONSIVE PLEADING[.]

{¶12} In their second assignment of error, the Omobiens argue that the trial court erred by granting Ms. Flinn's motion to dismiss because the defense of the expiration of the statute of limitations should be raised as a defense in a responsive pleading, not in a motion to dismiss under Rule 12(B)(6). We disagree.

{¶13} The Omobiens direct this Court to our prior decision in *Paul v. World Metals, Inc.*, wherein this Court noted that defenses such as the statute of limitations "may not be asserted on a motion to dismiss pursuant to Civ.R. 12(B)." 9th Dist. Summit No. 20130, 2001 WL 196513, *2 (Feb. 28, 2001). After *Paul*, however, the Ohio Supreme Court decided *Ohio Bur. of Workers' Comp. v. McKinley*, holding that "[a] complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively

indicates that the action is time-barred." 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13. This Court has since relied on *McKinley*. *See, e.g.*, *Savoy*, 2015-Ohio-437, at ¶ 6; *Francis*, 2017-Ohio-4209, at ¶ 8. We, therefore, reject the Omobiens' argument, and overrule their second assignment of error.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW, ABUSED ITS DISCRETION, AND VIOLATED THE PLAINTIFFS' DUE PROCESS RIGHTS WHEN IT DISMISSED THE CASE FOR PLAINTIFFS' LACK OF RESPONSE WHILE THE RESPONSE PERIOD WAS TOLLED AS A RESULT OF THE COVID 19 PANDEMIC.

{¶14} In their third assignment of error, the Omobiens argue that the trial court erred by granting Ms. Flinn's motion to dismiss in light of tolling orders in place due to the COVID-19 pandemic. Specifically, they cite Am.Sub.H.B. No. 197 and the Ohio Supreme Court's March 27, 2020, tolling order. They argue that all time requirements were tolled from March 9, 2020 until July 30, 2020, and that the trial court erred by ordering them to respond to Ms. Flinn's motion to dismiss during that time, and by subsequently dismissing their complaint. In response, Ms. Flinn argues that nothing in House Bill 197 or the Ohio Supreme Court's tolling order relieved the Omobiens from their duty to plead an exception to the statute of limitations, nor did they extend the time within which a litigant is required to respond to a motion to dismiss.

{¶15} As this Court has stated:

Am. Sub. H.B. 197, approved and effective March 27, 2020, and made retroactive to March 9, 2020, was enacted pursuant to Article II, Section 1d, of the Ohio Constitution, as "an emergency measure necessary for the immediate preservation of the public peace, health, and safety' considering the Covid-19 pandemic. Section 40. Section 22. (A) of the Act tolled time for a broad range of enumerated proceedings and deadlines which were otherwise 'set to expire between March 9, 2020, and July 30, 2020[.]"

(Alteration sic.) *In re K.R.*, 9th Dist. Summit No. 29815, 2021-Ohio-495, ¶ 13. "Am. Sub. H.B. 197 only applies to toll statutory time limits." *Id.* at ¶ 14. "Therefore, on March 27, 2020, the Ohio Supreme Court issued a tolling order designed to work in tandem with Am. Sub. H.B. 197." *Id.*, citing *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166. "The high court's order was applicable to all Supreme Court-promulgated rules, * * * [and] tolled time limits enunciated in the various rules from March 9, 2020, to July 30, 2020." *Id.* It provided, however, that:

> [n]otwithstanding the tolling of time requirements imposed by this order, the Court, local court, hearing panel, board, or commission, as applicable, may still require filing in accordance with existing rules and issue orders setting a specific schedule in a case or requiring parties to file documents by a specific due date if pertaining to a situation that requires immediate attention.

*In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology* at Section (G). In short, it "does not apply to deadlines set by court order." *O'Keeffe v. McClain*, 158 Ohio St.3d 1478, 2020-Ohio-1533.

{¶16} Here, the Omobiens filed their complaint against Ms. Flinn on May 8, 2020. Ms. Flinn's counsel moved to dismiss the case on June 8, 2020. The Omobiens did not oppose the motion. Then, on July 13, 2020, the trial court ordered the Omobiens to respond to the motion to dismiss within 14 days. The Omobiens did not respond. The trial court then granted the motion to dismiss on August 19, 2020. Despite the Omobiens' argument to the contrary, we conclude that the tolling orders did not apply to the deadline set by the trial court on July 13, 2020, ordering them to respond to the motion to dismiss within 14 days. The Omobiens' third assignment of error is overruled.

III.

**{¶17}** The Omobiens' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KANA HARVEY HIGHTOWER, Attorney at Law, for Appellants.

ALLISON HAYES, Attorney at Law, for Appellee.