[Cite as *Frye v. Am. Honda Motor Co., Inc.*, 2022-Ohio-878.]

STATE OF OHIO   )     IN THE COURT OF APPEALS
          )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN  )

KIRTLUND C. FRYE, et al.      C.A. No.  20CA011641

  Appellants

  v.            APPEAL FROM JUDGMENT
               ENTERED IN THE
AMERICAN HONDA MOTOR CO., INC.,  COURT OF COMMON PLEAS
et al.            COUNTY OF LORAIN, OHIO
               CASE No.  20CV200331

  Appellees

## DECISION AND JOURNAL ENTRY

Dated: March 21, 2022

TEODOSIO, Judge.

**{¶1}** Kirtlund C. Frye and Sunnyside Automotive appeal the judgment of the Lorain County Court of Common Pleas dismissing their complaint for declaratory judgment and injunctive relief. We affirm.

I.

**{¶2}** In 2019, Sunnyside Automotive, owned by Kirtlund Frye (collectively "Frye"), entered into an asset purchase agreement with Jack Matia and Matia Motors, Inc. (collectively "Matia") to purchase and transfer Matia Motors' assets to Sunnyside Automotive. American Honda Motor Company ("AHM") notified the parties that it was not approving the sale and transfer. Frye filed a protest with the Ohio Motor Vehicles Dealers Board ("OBD") pursuant to R.C. 4517.01 et seq. alleging that AHM lacked sufficient good cause to deny the transfer.

**{¶3}** After the protest was filed, Frye learned that Matia intended to sell the Matia Motors' assets to Joey Huang, the owner of several other automobile dealerships. In an attempt

to stop this transfer, Frye filed a motion with the OBD to stay AHM's approval of this sale. The hearing officer denied the motion to stay, stating that R.C. 4517.56(D) did not provide the OBD with authority to issue a stay.

{¶4} In January 2020, Frye filed its complaint against American Honda Motor Co., Inc., Jack Matia, and Matia Motors, Inc., seeking a declaratory judgment and temporary, preliminary, and permanent injunctive relief. Soon thereafter, the dealership was transferred from Matia to Mr. Huang, and an amended complaint was subsequently filed adding Elyria Motor LLC dba Great Lakes Honda West. Frye sought relief in the form of "[a]n order declaring that the automatic stay applicable to Dealer Board Agreements set forth in [R.C.] 4517.56(D) [was] applicable * * *."

{¶5} The trial court denied Frye's motion for a temporary restraining order and set the matter for a preliminary injunction hearing. Prior to the hearing, Matia filed a motion to dismiss, with subsequent briefing by the other parties. In February 2020, a hearing was held before the magistrate, who heard arguments but did not take evidence, instead continuing the hearing pending a ruling on the motion to dismiss. On April 29, 2020, the trial court issued a ruling that granted the motion to dismiss. Frye now appeals, raising four assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY DETERMINING THAT THERE WAS NO AUTOMATIC STAY OF FURTHER TRANSFERS OF AN AUTOMOBILE FRANCHISE UNDER R.C. 4517.56(D), WITH A PENDING ADMINISTRATIVE PROTEST OF A WRONGFUL REFUSAL TO CONSENT TO A PREVIOUSLY-AGREED-TO TRANSFER BEFORE THE OHIO MOTOR VEHICLE DEALERS' BOARD.

{¶6} In the first assignment of error, Frye argues the trial court erred in determining there was no automatic stay of automobile franchise transfers under R.C. 4517.56(D). Frye

contends that the statute should be interpreted to give effect to the legislature's intent to protect against abusive franchisors, and that such an interpretation would include an automatic stay of transfers under R.C. 4517.56(D) pending the determination of an administrative protest of a refusal to consent to a previously agreed transfer.

{¶7} Because a trial court's interpretation of a statute presents us with a question of law, we review it on a de novo basis. *State v. Crowe*, 9th Dist. Summit No. 23192, 2006-Ohio-5526, ¶ 4. The cardinal rule of statutory construction requires a court to first look at the specific language of the statute itself and, if the meaning of the statute is unambiguous and definite, further interpretation is not necessary and a court must apply the statute as written. *State v. Jordan*, 89 Ohio St.3d 488, 492 (2000), quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996). Ambiguity exists only if the language of a statute is susceptible of more than one reasonable interpretation, and the facts and circumstances of a case do not permit a court to read ambiguity into a statute. *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, ¶ 16. "'[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom.'" *State v. Knoble*, 9th Dist. Lorain No. 08CA009359, 2008–Ohio–5004, ¶ 12, quoting *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002–Ohio–6718, ¶ 14. "Thus, inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other factors identified in R.C. 1.49 is inappropriate absent an initial finding that the language of the statute is, itself, capable of bearing more than one meaning." *Dunbar* at ¶ 16.

{¶8} R.C. 4517.56(D), which pertains to the transfer of a franchise, provides:

A franchisor shall not fail or refuse to approve the sale or transfer of the business and assets or all or a controlling interest of a new motor vehicle dealer to, or

refuse to continue the franchise relationship with, the prospective transferee after the holding of a hearing on any protest if the board determines that good cause does not exist for the franchisor to fail or refuse to approve such a sale or transfer.

The trial court determined that the statute was unambiguous and did not contain an implied stay, and that the Plaintiffs were effectively asking the court to read language into that statute that was simply not there. This Court agrees with the trial court's analysis.

{¶9} We note that the legislature provided for implied stays elsewhere in the Ohio Automobile Dealers Act (R.C. 4517.01 et seq.). R.C. 4517.54, which pertains to the termination, cancellation, or non-renewal of a franchise by a franchisor, provides: "A franchisor shall not terminate, cancel, discontinue, or fail to renew a franchise before the holding of a hearing on any protest filed under this section, or after the hearing, if the board determines that good cause does not exist to terminate, cancel, discontinue, or not renew the franchise." R.C. 4517.54(D). Accordingly, when a franchisee files a protest to the termination, cancellation, or non-renewal of a franchise by a franchisor, the statute effectively creates an "automatic stay" by preventing a franchisor from terminating a franchise before the Board issues a decision on a protest. There is no equivalent provision under R.C. 4517.56(D) or elsewhere in R.C. 4517.56 that would prevent a separate transfer from occurring during the pendency of a protest under R.C. 4517.56. Likewise, there is no language under R.C. 4517.56 referring to, either directly or indirectly, an implied or automatic stay. Had the legislature intended to include a stay under R.C. 4517.56, it presumably would have included wording similar to the language used in R.C. 4517.54(D). Furthermore, none of the provisions of R.C. 4517.56 are rendered meaningless in the absence of such language. *See Vought Industries, Inc. v. Tracy*, 72 Ohio St.3d 261, 265-266 (1995).

{¶10} This Court finds no ambiguity within R.C. 4517.56 that would allow for further interpretation on the issue of an implied or automatic stay.

**{¶11}** Frye's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY CONCLUDING THAT IT DID NOT HAVE EQUITABLE AUTHORITY TO STAY FURTHER TRANSFERS OF AN AUTOMOBILE FRANCHISE, WITH A PENDING ADMINISTRATIVE PROTEST OF A WRONGFUL REFUSAL TO CONSENT TO A PREVIOUSLY-AGREED-TO TRANSFER BEFORE THE OHIO MOTOR VEHICLE DEALERS' BOARD.

**{¶12}** In the second assignment of error, Frye argues the trial court erred in concluding that it did not have equitable authority to stay further transfers during the pending determination of an administrative protest. We disagree.

**{¶13}** "This Court reviews questions of law de novo. * * * In conducting a de novo review, this Court gives no deference to the trial court's legal conclusions." *J. Bowers Constr. Co., Inc. v. Gilbert*, 9th Dist. Summit No. 27044, 2014-Ohio-3576, ¶ 21.

**{¶14}** In its judgment entry, the trial court stated:

> Here, the Plaintiffs are not attempting to use declaratory judgment and preliminary injunction to force Honda's compliance with the ODA. Instead, the Plaintiffs are trying to use declaratory judgment and injunction to compel Honda to comply with obligations they are asking the Court to read into the ODA which are not there. To do so would run afoul of the Court's obligation to apply and not interpret [R.C.] 4517.56(D), which the Court has found to be unambiguous.

The trial court also determined that R.C. 4517.65(B)'s election of remedies provision provided for two options: the filing of a protest to the OBD, or the filing of a court action for damages. On this basis, the trial court agreed with the decision of the Northern District Court of Ohio in *Pasqualetti v. Kia Motors Am., Inc.* determining that R.C. 4517.65(B)'s election of remedies precluded a prospective transferee from bringing a separate action for nonlegal remedies.[1] *See Pasqualetti v. Kia Motors America, Inc.*, 663 F.Supp.2d 586, 594 (N.D. Ohio 2009).

---

R.C. 4517.65 provides, in pertinent part:

{¶15} Frye argues that in seeking injunctive relief from the court of common pleas, he was not acting inconsistently with the pursual of an administrative remedy, but rather, was seeking injunctive relief that was "in aid of" or "ancillary" to the administrative action, and that such relief is a well-recognized principle of administrative law. In support of this argument, Frye cites to *F.T.C. v. Dean Foods Co.*, for the proposition that a court may maintain the status quo through injunctive relief pending review of an agency's action through the prescribed statutory channels. 384 U.S. 597, 604 (1966). We note that *Dean Foods* specifically deals with the powers of the Supreme Court of the United States, and generally those of the federal courts; it does not address the powers of state courts. *See id.*

{¶16} Frye also cites to three Ohio cases for the proposition that courts have the power to grant injunctive relief to prevent performance of an improperly awarded contract: *Wilson Bennett, Inc. v. Greater Cleveland Regional Transit Auth.*, 67 Ohio App.3d 812, 816 (8th Dist. 1990) (concerning an action asking the trial court to declare a construction contract void as contrary to law and requesting a preliminary and permanent injunction to prevent the performance of the allegedly void contract); *Griffin Industries, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. Franklin No. 00AP-1139, 2001 WL 868073, *1 (Aug. 2, 2001) (concerning an action seeking a temporary restraining order and preliminary injunctions prohibiting the Ohio

---

(A) When a franchisor does, causes, or permits to be done anything prohibited by this chapter, or fails to perform any duty imposed upon it by this chapter, the franchisor shall be liable to the franchisee in double the amount of actual damages sustained, plus court costs and reasonable attorney fees.

(B) When a franchisor terminates, cancels, or fails to renew a franchise without the prior consent of the franchisee, or refuses to approve the sale or transfer of the business or a controlling interest in a franchisee for other than good cause, the franchisee or prospective transferee may, in lieu of filing a protest with the motor vehicle dealers board, recover damages under division (A) of this section.

Department of Administrative Services from awarding contracts for the purchase of a variety of alternative diesel fuel because they were allegedly unlawful); and *CB Transp., Inc. v. Butler Cty. Bd. of Mental Retardation*, 60 Ohio Misc. 71 (C.P.1979) (concerning an action brought by an unsuccessful bidder on a proposed contract asking that the successful bidder be enjoined from entering into the contract because the latter's was not the "lowest and best" bid). These cases are all distinguishable from the case sub judice in that the injunctive relief sought in each of them directly related to the resolution of the litigation in which they were filed; in other words, they were not asking for injunctive relief pending the determination of an administrative decision.

{¶17} In support of their argument that an automatic stay should be read into the statutory scheme under R.C. 4517, Frye further argues that there is no statutory prohibition against their seeking ancillary injunctive relief in court in support of the protest process and that such a stay would be in the furtherance of legislative goals. Inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other factors of statutory interpretation identified in R.C. 1.49 is inappropriate absent an initial finding that the language of the statute is, itself, ambiguous and capable of bearing more than one meaning. *City of Akron v. Brown*, 9th Dist. Summit No. 28629, 2018-Ohio-4500, ¶ 6. We agree with the trial court's analysis that Frye was attempting to use declaratory judgment and injunction relief to compel compliance with a stay that they were asking the trial court to read into the ODA, and which was simply not there. As the trial court concluded, to do so would run afoul of its obligation to apply, and not interpret, a statute that it had found to be unambiguous.

{¶18} We conclude that Frye has failed to show the trial court erred in determining that it was without authority to grant a stay of further franchise transfers pending the administrative protest. The second assignment of error is therefore overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED BY DISMISSING THE COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AS WELL AS FOR A CONSTRUCTIVE TRUST, ON THE PLEADINGS UNDER CIV.R. 12(B)(6).

**{¶19}** In the third assignment of error, Frye argues the trial court erred by dismissing the complaint on the pleadings under Civ.R. 12(B)(6). We disagree.

**{¶20}** Generally, "[w]e review de novo a motion to dismiss for failure to state a claim upon which relief can be granted." *Francis v. State, Lorain Cty. Prosecutor's Office*, 9th Dist. Lorain No. 16CA011041, 2017-Ohio-4209, ¶ 7. "Dismissal of a claim is appropriate where, after accepting as true all factual allegations of the claim and resolving all reasonable inferences in favor of the nonmoving party, 'it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief.'" *Id.*, quoting *LaSalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 19.

**{¶21}** "The rule operates differently, however, in a declaratory judgment action." *King v. Divoky*, 9th Dist. Summit No. 28441, 2018-Ohio-2280, ¶ 4. "In an action for declaratory judgment, the trial court must declare the rights of the parties or dismiss the complaint because either 1) no real controversy or justiciable issue exists between the parties or 2) the declaratory judgment will not terminate the uncertainty or controversy." *Miller v. Summit Cty. Bd. of Edn.*, 9th Dist. Summit No. 15847, 1993 WL 99998, *1 (Apr. 7, 1993). "A court may not, however, dismiss a declaratory judgment action 'for failure to state a claim upon which relief can be granted based upon a conclusion that the plaintiff's position on the merits of his * * * claim is incorrect.'" *Revis v. Ohio Chamber Ballet*, 9th Dist. Summit No. 24696, 2010-Ohio-2201, ¶ 10, quoting *Weyandt v. Davis*, 112 Ohio App.3d 717, 721 (9th Dist.1996). We review the dismissal

of a declaratory judgment action as not justiciable for an abuse of discretion. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012–Ohio–3208, ¶ 13.

{¶22} After denying Frye's motion for a temporary restraining order, the trial court set the matter for a preliminary injunction hearing. At the hearing, the magistrate heard arguments from the parties, but did not take evidence; instead continuing the hearing pending a ruling on the defendants' motion to dismiss. In its order ruling on the motion, the trial court dismissed Frye's declaratory judgment claims as follows:

> Having found that [R.C.] 4517.56(D) is unambiguous, the Court must apply the statute, and is without authority to interpret it. Accordingly, the declaratory judgment claims seeking interpretation of [R.C.] 4517.56(D) do not present a real, justiciable controversy and they are dismissed.

Frye contends the trial court ruled on the merits of the case without an evidentiary hearing, thereby foreclosing on Frye's opportunity to fully present his case.

{¶23} Although the trial court reiterates the correct standard in dismissing the declaratory judgment claims, we do not agree that there was not a real and justiciable controversy. "Real" in this context essentially means that the conflict is not hypothetical. "A proceeding for a declaratory judgment must be based upon an actual controversy. The proceeding does not lie to obtain a judgment which is merely advisory or which answers a moot or abstract question." *Haley v. Sloulin*, 9th Dist. Summit No. 16117, 1993 WL 319653, *2 (Aug. 2, 1993), quoting *Moskowitz v. Federman*, 72 Ohio App. 149, 164 (9th Dist.1943). "[A] declaratory judgment action will not lie to obtain a judgment which is advisory in nature or which is based on an abstract question or a hypothetical statement of facts." *R.A.S. Entertainment, Inc. v. Cleveland*, 130 Ohio App.3d 125, 128 (8th Dist.1998).

{¶24} If the trial court nevertheless actually declared the rights of the parties in its judgment, this procedural error does not necessarily constitute reversible error. *See* Miller, 1993

WL 99998, at \*2.   Generally, "[i]n order to properly enter judgment in a declaratory judgment action, the trial court must set forth its construction of the disputed document or law, and must expressly declare the parties' respective rights and obligations." *Miller Lakes Community Assn. v. Schmitt*, 9th Dist. Wayne No. 11CA0053, 2012-Ohio-5116, ¶ 8, quoting *Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. No. 09CA0076, 2011-Ohio-1295, ¶ 15.   We have also stated, however, that "'[w]here the denial of a motion for summary judgment in the context of declaratory judgment gives rise, however, to the reasonable and logical inference that one party has in fact prevailed, the requirements of finality are satisfied.'" *Estate of Gravis v. Coffee*, 9th Dist. Summit No. 28815, 2019-Ohio-2806, ¶ 9, quoting *Lexington Ins. Co. v. DunnWell, LLC*, 9th Dist. Summit No. 27476, 2016-Ohio-5311, ¶ 10.  *See also Revis,* 2010-Ohio-2201, at ¶ 7 (stating that a declaratory judgment action constitutes a special proceeding and rulings affecting substantial rights in such proceedings are generally final orders).

{¶25}   The declaratory relief sought by Frye was for an order declaring that there was an applicable automatic stay to Dealer Board Agreements set forth in R.C. 4517.56(D).   As discussed in our analysis of the first assignment of error, in ruling on the motion to dismiss the trial court determined that the statute was unambiguous and did not contain an implied or automatic stay, and that the Plaintiffs were effectively asking the court to read language into that statute that did not exist.

{¶26}   Under the facts and circumstances of this case, the trial court effectively ruled on Frye's request for declaratory relief in determining that the statute was unambiguous and therefore not open to further interpretation.   Thus, as a matter of law, the trial court could not have rendered a judgment favorable to Frye by interpreting the statute to include an implied stay. We therefore conclude that the trial court's judgment constituted a final order affecting Frye's

substantial rights by its determination that there could be no interpretation of the statute that would allow for a finding of an implied stay. As to the issue of Frye's being denied the opportunity to present evidence, we again conclude under the facts and circumstances of this case, Frye was not prejudiced by the trial court's decision to postpone an evidentiary hearing pending its determination of the issues as a matter of law. All parties were afforded the opportunity to brief the issue, and Frye supplies no theory that would support the argument that an evidentiary hearing could have altered the trial court's determination.

{¶27} Frye further contends that the trial court's dismissal of his constructive trust claim was erroneous, arguing that the trial court should have determined whether, accepting the allegations of the complaint as true, any conceivable set of facts could entitle Frye to relief. "Dismissal is appropriately granted once all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, and it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief." *Natl. Check Bur. v. Buerger*, 9th Dist. Lorain No. 06CA008882, 2006-Ohio-6673, ¶ 8, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, (1992).

{¶28} In its judgment entry, the trial court concluded:

[B]ecause constructive trust is an equitable claim (e.g. a nonlegal remedy), the *Pasqualetti* holding and the Court's reasoning above appl[y] equally to Plainiffs' constructive trust claim with the same result. Accordingly, that claim is also dismissed.

Although the trial court stated the proper standard earlier in its decision, it does not specifically apply the standard to the claim for constructive trust. We conclude, however, that to the extent this omission is error, it is harmless error. As noted above, the trial court concluded as a matter of law that R.C. 4517.65(B)'s election of remedies precluded a prospective transferee from

bringing a separate action for nonlegal remedies. *See Pasqualetti* at 594. Consequently, it was not a factual inquiry by the trial court, and because the claim for constructive trust was precluded as a matter of law, there could be no facts that would have altered the analysis.

{¶29} Frye's third assignment of error is overruled.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED BY DENYING PLAINTIFFS/APPELLANTS' MOTION FOR A TEMPORARY RESTRAINING ORDER.

{¶30} In the fourth assignment of error, Frye argues the trial court erred in denying the motion for a temporary restraining order. The basis of the argument is stated by Frye as follows:

> If the Court determines that R.C. 4517.56(D) carries with it an automatic stay of further transfer consents pending timely administrative protest, then it necessarily follows that, upon application, a temporary restraining order against a disobedient franchisor (Honda) should issue. The injunctive relief simply follows from the statutory violation.

{¶31} The above quotation represents the entirety of Frye's argument under the fourth assignment of error. Because this Court has determined that R.C. 4517.56(D) does not carry with it an automatic stay, we must likewise reject this argument.

{¶32} Frye's fourth assignment of error is overruled.

## III.

{¶33} Frye's four assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

KEITH A. SAVIDGE, JEFFREY S. MOELLER, and AMELIA J. LEONARD, Attorneys at Law, for Appellants.

CHRISTOPHER M. DEVITO, Attorney at Law, for Appellants.

ORVILLE REED and CHRISTOPHER A. TIPPING, Attorneys at Law, for Appellee.

S. KEITH HUTTO and STEVEN B. MCFARLAND, Attorneys at Law, for Appellee.

RICHARD D. PANZA, RACHELLE K. ZIDAR, and MATTHEW W. NAKON, Attorneys at Law, for Appellees.

ANGELA D. LYDON, Attorney at Law, for Appellees.